UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN PIMENTEL,<br>          Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF IXIS REAL ESTATE CAPITAL TRUST 2005-HE3, MORTGAGE PASS-THROUGH CERTIFICATES, 2005-HE3, AND SELECT PORTFOLIO SERVICING, INC.,<br>          Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:

Defendants Deutsche Bank National Trust Company, as Trustee for the Certificateholders of IXIS Real Estate Capital Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-HE3 (the "Trustee") and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants"), respectfully give notice they have removed the above-entitled action to the United States District Court for the District of Rhode Island from the Superior Court of the State of Rhode Island, Kent County, and for their Notice of Removal state as follows:

1. Defendants are named in a civil action filed and pending in Kent County Superior Court entitled <u>Juan Pimentel, v. Deutsche Bank National Trust Company, as Trustee, et al.</u>, C.A. No. K2019-0552 filed on May 16, 2019.  A copy of the Complaint is attached hereto as **Exhibit A**.

2. This suit is of a wholly civil nature.  The Complaint alleges conduct taking place in Rhode Island and concerning property in Rhode Island described as 158 Briggs Street,

Providence (the "Property").  Under 28 U.S.C. §§ 120 and 1441(a), the United States District Court for the District of Rhode Island is a proper forum for removal.

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 due to diversity of citizenship of the parties and an amount in controversy which exceeds the jurisdictional amount.  Complete diversity of citizenship of the parties to this action exists.  Plaintiff is an individual residing in Rhode Island.  (Complaint, ¶ 1).  Defendant Select Portfolio Servicing, Inc. is a Utah corporation with a principal place of business located in Salt Lake City, Utah.  Defendant Deutsche Bank National Trust Company, as Trustee, is a national banking association with a main office located in Los Angeles, California.  A national banking association is deemed a citizen of the state in which its main office is located.  See 28 U.S.C. § 1348; Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).  Therefore, for the purposes of diversity jurisdiction, Defendant Deutsche Bank National Trust Company is a citizen of California.

4. The value of the matter in controversy exceeds $75,000, exclusive of interest and costs. "Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co., Ltd. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004).  Plaintiff entered into a note and executed a mortgage (the "Mortgage") dated February 4, 2005 in the original principal amount of $$255,850.00.  (Complaint, ¶ 2 and Exhibit A to Complaint).  The current assessed value of the property is $201,800.00.  (**Exhibit B**).  The object of the litigation is the Property and the Mortgage.  Plaintiff contests the Trustee's foreclosure of the Mortgage by a sale of the Property.  The action implicates the rights of the Trustee to enforce the Mortgage.

If Plaintiff prevails, the Trustee may be barred from enforcing the Mortgage and Plaintiff may retain title to the Property by avoiding a foreclosure.  Alternatively, the Trustee will have the right to enforce the Mortgage and extinguish Plaintiff's interest in the Property.  Therefore, the ultimate pecuniary consequence to the parties to this action exceeds $75,000.  In addition, the amount in controversy is satisfied where Plaintiff seeks declaratory and injunctive relief barring the enforcement of the Mortgage through foreclosure.  Plaintiff primarily brings this action to stop a foreclosure sale of the Property by the Trustee.  The amount-in-controversy in a claim for equitable relief is "measured by the value of the object of the litigation."  Hunt v. Walsh State Apple Adver. Commission, 432 U.S. 333, 347 (1977).  Where, as here, a plaintiff challenges the foreclosure of a mortgage, the "object of the litigation" is the property at issue and the subject mortgage loan.  See Aliberti v. GMAC Mortg., LLC, 779 F.Supp.2d 242, 245 (D.Mass. 2011); McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir.2012); Bedard v. Mortgage Electronic Registration Systems, Inc., 2011 WL 1792738, at * 3 (D.N.H. May 11, 2011) (collecting cases).  The amount in controversy is satisfied.[1]

5. Defendants file this Notice within thirty (30) days of the date this action became removable, and within the time for filing this notice.

6. Defendants will file a copy of this Notice with the Clerk of the Kent County Superior Court, and will serve a copy of the Notice of Removal on all other parties.  (**Exhibit D**).

7. Defendants will file a certified or attested copy of the state court record with this Court within fourteen (14) days after the filing of this Notice, or as soon as received.

---

[1] On May 16, 2019, Plaintiff obtained a temporary restraining order to stop the foreclosure sale of the Property scheduled for May 17, 2019.  (**Exhibit C**).  No sale is pending.

**WHEREFORE**, Defendants Deutsche Bank National Trust Company, as Trustee, and Select Portfolio Servicing, Inc., give notice that the above action now pending in Kent County Superior Court is removed to United States District Court for the District of Rhode Island.

Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, AND SELECT PORTFOLIO SERVICING, INC.,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (R.I. Bar #5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated:  May 21, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants as well as to counsel of record in the state court proceedings:

John B. Ennis
1200 Reservoir Avenue
Cranston, RI  02920

/s/ Peter F. Carr, II
Peter F. Carr, II

Dated:  May 21, 2019