UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN PIMENTEL,<br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE FOR THE<br>CERTIFICATEHOLDERS OF IXIS REAL<br>ESTATE CAPITAL TRUST 2005-HE3,<br>MORTGAGE PASS-THROUGH CERTIFICATES,<br>2005-HE3, AND SELECT PORTFOLIO<br>SERVICING, INC.,<br>    Defendants. | C.A. No.: 1:19-cv-00289-JJM-PAS |

## ANSWER TO AMENDED COMPLAINT

  Defendants Deutsche Bank National Trust Company, as Trustee for the Certificateholders of IXIS Real Estate Capital Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-HE3 (the "Trustee") and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants"), answer the Amended Complaint of Plaintiff Juan Pimentel ("Pimentel") as follows.

  1. SPS and the Trustee lack sufficient knowledge to admit or deny the allegations.

  2. SPS and the Trustee admit that Pimentel executed a mortgage, which speaks for itself.

  3. SPS and the Trustee lack sufficient knowledge to admit or deny the allegations.

  4. SPS and the Trustee admit that SPS is a Utah corporation. SPS and the Trustee admit that SPS is the servicer of Pimentel's mortgage loan on behalf of the Trustee as current holder of the note and current holder of the mortgage. SPS and the Trustee admit that SPS does not "own" Pimentel's mortgage loan. SPS and the Trustee deny the remainder of the allegations.

  5. SPS and the Trustee admit that Deutsche Bank National Trust Company currently serves as the duly-appointed trustee under the terms of the operative Pooling and Servicing

Agreement, which speaks for itself. SPS and the Trustee admit that the Trustee is the current holder of the promissory note executed by Pimentel, and is the current holder by assignment of the mortgage securing the note executed and granted by Pimentel on the property described in the mortgage as 158 Briggs Street, Providence, Rhode Island. SPS and the Trustee deny the remainder of the allegations.

6. SPS and the Trustee admit that a foreclosure sale of the property was scheduled per the notice to Pimentel, which sale was subsequently cancelled. SPS and the Trustee deny the remainder of the allegations.

## COUNT I

### BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND DEALING

7. Defendants repeat and incorporate by reference their answers to all preceding paragraphs as if fully set forth herein.

8. Denied.

9. The allegations purport to pertain to the mortgage, which speaks for itself.

10. The allegations purport to pertain to the mortgage, which speaks for itself.

11. Denied.

12. SPS and the Trustee admit to sending Pimentel a notice of default, which purportedly is attached to the Complaint. SPS and the Trustee admit that the letter was sent certified mail per the notice attached to the Compliant. The remainder of the allegations are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. The allegations purport to pertain to the mortgage, which speaks for itself.

23. SPS and the Trustee lack sufficient knowledge to admit or deny the allegations, and call upon Pimentel to prove the same at trial.

24. SPS and the Trustee lack sufficient knowledge to admit or deny the allegations, and call upon Pimentel to prove the same at trial.

25. Denied.

26. Denied.

27. Denied.

28. The allegation purports to pertain to the mortgage, which speaks for itself.

29. Denied.

30. Denied.

31. Denied.

32. The allegation purports to pertain to a document, which speaks for itself.

33. The allegation purports to pertain to a document, which speaks for itself.

34. The allegation purports to pertain to the mortgage, which speaks for itself.

35. Denied.

36. The allegation states a legal conclusion for which no answer is required.

37. The allegation purports to pertain to the mortgage, which speaks for itself.

38. Denied.

39. Denied.

40. The allegation purports to pertain to the mortgage, which speaks for itself.

41. Denied.

42. SPS and the Trustee lack sufficient knowledge to admit or deny the allegations, and call upon Pimentel to prove the same at trial.

43. The allegation states a legal conclusion for which no answer is required.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. The allegation states a legal conclusion for which no answer is required.

55. The allegation purports to pertain to a document, which speaks for itself.

56. Denied.

57. The allegation states a legal conclusion for which no answer is required.

58. The allegation states a legal conclusion for which no answer is required.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. SPS and the Trustee lack sufficient knowledge to admit or deny the allegations, and call upon Pimentel to prove the same at trial. In further answering, SPS and the Trustee deny any improper foreclosure activity.

69. Denied.

70. Denied.

## COUNT II

### VIOLATION OF R.I.G.L. 19-14.11-4

71. Defendants repeat and incorporate by reference their answers to all preceding paragraphs as if fully set forth herein.

72. SPS admits that it is a mortgage loan servicer. The remainder of the allegations state legal conclusions for which no answers are required.

73. The allegations state legal conclusions for which no answers are required.

74. Denied.

75. Denied.

76. Denied.

## COUNT III

## VIOLATION OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT

77. Defendants repeat and incorporate by reference their answers to all preceding paragraphs as if fully set forth herein.

78. Denied.

79. Denied.

80. The allegations state legal conclusions for which no answers are required.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. SPS and the Trustee lack sufficient knowledge to admit or deny the allegations, and call upon Pimentel to prove the same at trial.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## AFFIRMATIVE DEFENSES

### FIRST

Plaintiff fails to state a claim against Defendants upon which relief may be granted.

### SECOND

Plaintiff's claims are barred by Plaintiff's defaults.

### THIRD

Plaintiff's claims are moot.

### FOURTH

To the extent Plaintiff suffered loss or damage, such loss or damage was caused by Plaintiff's own acts or omissions.

### FIFTH

To the extent Plaintiff suffered loss or damage, such loss or damage was caused by a third-party not within the control of Defendants.

### SIXTH

Plaintiff fails to establish a material breach of contract.

### SEVENTH

Plaintiff's own material breaches of contract excuse Defendants from further performance.

## EIGHTH

Plaintiff fails to establish any contractual condition precedent breached by Defendants causing Plaintiff to suffer loss or damage.

## NINTH

Plaintiff failed to mitigate any damages incurred.

## TENTH

Any damages incurred must be set-off against amounts due under the mortgage loan.

## ELEVENTH

Plaintiff lacks legal standing to assert the claims.

## TWELFTH

Plaintiff did not sustain any actual injury in fact.

## REQUEST FOR RELIEF

**WHEREFORE,** Defendants respectfully request this Honorable Court to:

1. Enter judgment in their favor against Plaintiffs on all Counts;

2. Dismiss all Counts with prejudice;

3. Award attorneys' fees and costs incurred in defending this action; and,

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, AND SELECT PORTFOLIO SERVICING, INC.,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (R.I. Bar #5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated:  June 4, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.

/s/ Peter F. Carr, II
Peter F. Carr, II

Dated:  June 4, 2019