UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN PIMENTAL,
   Plaintiff,

v.

SELECT PORTFOLIO SERVICING, INC.; and DEUTSCHE BANK NATIONAL TRUST COMPANY *as Trustee for the Certificate holders of IXIS Real Estate Capital Trust 2005-HE3, Mortgage Pass-Through Certificates 2005-HE3*
   Defendants.

C.A. No. 1:19-cv-00289-JJM-PAS

ORDER

Plaintiff Juan Pimental filed a Complaint in Rhode Island state court against Defendants Deutsche Bank National Trust Company Bank as Trustee for the Certificate holders of IXIS Real Estate Capital Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-HE3 ("Deutsche Bank")–the holder of the note and mortgage on Mr. Pimental's property–and Select Portfolio Servicing, Inc. ("SPS")–the servicer of Mr. Pimental's mortgage loan on behalf of Deutsche Bank. Mr. Pimental alleged that SPS sent him a default notice about his mortgage payments that did not comply with the terms set out in the mortgage. ECF No. 1 at ¶ 6. Deutsche Bank and SPS subsequently removed the case to this Court because it has original jurisdiction under 28 U.S.C. § 1332, arguing that there is complete diversity between the parties and that the original Complaint asserts the amount in controversy

exceeds $75,000.  ECF No. 5 at 158.  Mr. Pimental argues that his Amended Complaint–which drops the count that allegedly brings the matter in controversy above $75,000 and only includes requests for damages that do not exceed $75,000– should control on a determination of diversity. *See* ECF No. 17 at 2.

I.   BACKGROUND

Juan Pimental resides in Providence, Rhode Island.  ECF No. 1 at ¶ 1.  He executed a mortgage for the property on February 4, 2005.  ECF No. 1 at ¶ 2.  On December 22, 2018, SPS sent Mr. Pimental a default notice and a Notice of Foreclosure Counseling regarding the mortgage.  ECF No. 1 at ¶¶ 12, 55.  Mr. Pimental alleges that the notice did not strictly comply with the terms of the mortgage in several respects. ECF No. 1 at ¶¶ 12-52. Mr. Pimental filed a Complaint in Rhode Island Superior Court asking for damages and injunctive relief against Deutsche Bank and SPS. ECF No. 1. Count I requested actual and punitive damages and legal fees of less than $70,000 against Deutsche Bank for breach of contract and failure to comply with R.I.G.L. 34-27-3.1 and R.I.G.L. 34-27-4. ECF No 1. at ¶ 70. Count II requested injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction preventing Deutsche Bank and SPS from proceeding with the foreclosure sale as well as actual damages and compensatory damages and legal fees of an undisclosed amount for scheduling a foreclosure without complying with the terms of the mortgage and Rhode Island state law.  ECF No. 1 at ¶ 86.  Count III requested actual and punitive damages and legal fees totaling less than $75,000 (and reduced by any damages received under Count

IV) against SPS for violating R.I.G.L. 19-14.11-4. ECF No. 1 at ¶ 92. Count IV requested actual and statutory damages not exceeding $75,000 (and reduced by any damages received under Count III) against SPS for violating the Rhode Island Fair Debt Collection Practices Act. ECF No. 1 at ¶ 111.

On the same day the Complaint was filed, Mr. Pimental filed a motion requesting the injunctive relief requested in Count II of the Complaint. Also, on the same day, the state court granted the temporary restraining order. Mr. Pimental then filed an Amended Complaint that dropped Count II and kept the other three claims. ECF No. 5 at 95. Deutsche Bank and SPS then filed a Notice of Removal because there was diversity of citizenship between the parties under 28 U.S.C. § 1332. ECF No. 5 at 157.

## II. STANDARD OF REVIEW

"If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). To succeed on a Motion to Remand, the removing party bears the burden of showing that the court has jurisdiction over the matter in controversy. *BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am., IAMAW District Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997).

## III. DISCUSSION

There is no dispute that complete diversity of citizenship exists between the parties under 28 U.S.C. § 1332: Mr. Pimental resides in Rhode Island; Deutsche Bank is a national banking association incorporated in Germany, ECF No. 3 at 1, whose

main office is in California, ECF No. 5 at 158; and SPS was incorporated, and has its principal place of business in Utah. *Id.*

Deutsche Bank and SPS claim that Count II of the original Complaint involves an amount in controversy that exceeds $75,000. ECF No. 5 at 158. Mr. Pimental's Amended Complaint drops that count and only keeps allegations that demand no more than $75,000. ECF No. 19 at ¶ 4. Thus, the Court must determine whether jurisdiction over the matter is determined based on Mr. Pimental's original Complaint or his Amended Complaint.

### A. Whether the Original Complaint or the Amended Complaint Controls for the Question of Diversity

Generally, "[a] party may amend its pleadings once as a matter of course" twenty-one days after the pleading is filed. Fed. R. Civ. P. 15(a). Moreover, "[a]n amended complaint supersedes the original Complaint, and facts that are neither repeated nor otherwise incorporated into the amended complaint no longer bind the pleader." *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003).

Deutsche Bank and SPS argue that an exception to this rule exists for diversity cases in which events occurring after the complaint is filed affects the case's compliance with 28 U.S.C. § 1332. ECF No. 19 at ¶¶ 1, 4. In such cases, they claim, the court may only use the original complaint to determine whether the conditions of the diversity statute are satisfied. ECF No. 19 at ¶ 4. In support of this proposition, Deutsche Bank and SPS cite the "time-of-filing" rule set out in *Mollan v. Torrance*, 22 U.S. 537 (1824): "the jurisdiction of the Court depends upon the state of things at the time of the action brought, and . . . after vesting, it cannot be ousted by subsequent

4

events." *Id.* at 539. However, this rule has no application in the matter before this Court. *Mollan* involved a change of residence that occurred after the action was filed that affected whether the Court had jurisdiction over the case. *Id.* The United States Supreme Court has clarified that this rule does not apply when only the claims change after the action is filed: "The state of things and the originally alleged state of things are not synonymous; demonstration that the original allegations were false will defeat jurisdiction. . . . *So also will the withdrawal of those allegations . . . .*" *Rockwell Int'l Corp. v. United States* 549 U.S. 457, 473-74 (emphasis added) (citations omitted). That is precisely what happened here. As stated, the parties agree that complete diversity of citizenship exists between the parties, and nothing occurred after the action was filed that would change this determination. The only change that materialized was the filing of the Amended Complaint and the concomitant withdrawal of one of the counts in the original Complaint. Thus, the Amended Complaint controls when determining whether the requirements of 28 U.S.C. § 1332 have been met.

B. The Amount in Controversy of the Amended Complaint

For a federal court to have jurisdiction over a case pursuant to 28 U.S.C. § 1332, the matter in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Parties, to meet this requirement, may aggregate the amounts in controversy attached to all claims they have against a single defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005) (Ginsburg, J., dissenting).

Moreover, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C § 1446(c)(2). *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

Mr. Pimental's Amended Complaint has three counts. The first, against Deutsche Bank, identifies the amount in controversy as being less than $75,000. ECF No. 5 at 105. The second and third counts are both made against SPS. The second identifies an amount in controversy of less than $75,000, to be reduced by any damages received under count three. ECF No. 5 at 108. The third identifies an amount in controversy of no greater than $75,000, to be reduced by any damages received pursuant to count two. ECF No. 5 at 111. Given the deference that is given to parties' own assertions of amounts in controversy, 28 U.S.C § 1446(c)(2), the amount in controversy requirement of 28 U.S.C. 1332 is not met under the Amended Complaint.

This Court therefore finds that it does not have subject-matter jurisdiction over this case and the Court must remand the case to the Rhode Island Superior Court (Kent Count). The Court GRANTS Mr. Pimental's Motion to Remand. ECF No. 17.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

September 1, 2020

6