UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN PIMENTAL,<br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING,<br>INC.; and DEUTSCHE BANK<br>NATIONAL TRUST COMPANY *as<br>Trustee for the Certificate Holders of<br>IXIS Real Estate Capital Trust 2005-<br>HE3, Mortgage Pass-Through<br>Certificates 2005-HE3*<br>    Defendants. | C.A. No. 1:19-cv-00289-JJM-PAS |

ORDER

On September 1, 2020, this Court granted Juan Pimental's Motion to Remand because the amount in controversy of the matter presented in his Amended Complaint did not satisfy 28 U.S.C. § 1332 and that, as a result, this Court did not have subject-matter jurisdiction over the case. ECF No. 20. On the same day, Defendants Deutsche Bank National Trust Company Bank as Trustee for the Certificate holders of IXIS Real Estate Capital Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-HE3 ("Deutsche Bank") and Select Portfolio Servicing, Inc. ("SPS") moved for this Court to reconsider its decision. ECF No. 21. For the following reasons, the Motion is denied.

Deutsche Bank and SPS cite *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) in support of their contention that this Court should base its

determination of the amount in controversy in this matter on Mr. Pimental's original Complaint, which they allege involves an amount in controversy exceeding the jurisdictional amount required by 28 U.S.C. § 1332, rather than Mr. Pimental's Amended Complaint, which drops the count allegedly satisfying this requirement. Deutsche Bank and SPS point to the seemingly general proposition in *Red Cab Co.* that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938) (citations omitted). However, this excerpt is taken from a section of the case discussing rules for cases originally brought in federal court, not for cases removed to federal court. *Id.* at 288-90.

The next two excerpts cited by Deutsche Bank and SPS are from the section of the decision about removal of cases originally filed in state court:

> "And though, as here, the plaintiff *after removal*, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction . . . Thus, events *occurring subsequent to removal* which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."

*Id.* at 292-93 (emphasis added).

Subsequently, the Supreme Court adds that "an amendment in the state court reducing the claim below the jurisdictional amount *before removal is perfected* is effective to invalidate removal and requires a remand of the cause." 303 U.S. at 294 n.25 (emphasis added) (citations omitted). This proposition reflects the general practice of federal courts in removal cases to look to the entire state court record prior to removal, including amendments to the original Complaint, when determining the

2

amounts in controversy. 14C Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 3725.4 (Rev. 4th ed.); *see also Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906).

The case before this Court was removed *after* Mr. Pimental filed his Amended Complaint. ECF No. 5 at 155, 316, 321. Therefore, Mr. Pimental's Amended Complaint controls this Court's determination of the amount in controversy in this matter and the Motion for Reconsideration is DENIED. ECF No. 20. This matter is remanded to Rhode Island Superior Court.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

September 8, 2020

3